UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO WILLIAMS,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. C17-5885 JCC-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Alonzo Williams appeals the denial of his applications for Supplemental Security Income and Disability Insurance Benefits because the ALJ relied on a treating neurologist's statement that Mr. Williams suffered from migraine headaches "every other year" when the corrected statement and another medical note submitted to the Appeals Council show the statement should have read "every other day." Dkt. 10. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

In an April 28, 2016, decision, the ALJ determined that Mr. Williams suffered from several severe impairments: degenerative disc disease, history of right rotator cuff injury, migraine headaches, and plantar fasciitis. Tr. 17. The ALJ noted that Mr. Williams testified that

REPORT AND RECOMMENDATION - 1

his migraines caused him to leave his job as a driver in 2013 and that he had more than three migraine headaches per week that last between 15 minutes and half-a-day. Tr. 20. Acknowledging that a 2012 MRI of Mr. Williams's brain showed the residue of migraine headaches, the ALJ nonetheless disbelieved the alleged severity and frequency of migraine headaches because "his records do not reflect that he reports headaches with the frequency or severity he described in his hearing testimony." Tr. 21. As an example, the ALJ noted that Mr. Williams told treating neurologist Yu Zhu, M.D., Ph.D., in February 2016 that "inconsistent with his hearing testimony regarding the frequency of headaches, the claimant said his headaches occurred every other year." Tr. 27 (citing Tr. 666). The ALJ therefore assessed a residual functional capacity ("RFC") that did not account for any symptoms of migraine headaches: light work except for certain positional restrictions and avoidance of concentrated exposure to hazards. Tr. 20. The ALJ determined that Mr. Williams was not disabled because he could return to past relevant work. Tr. 31–33.

In his brief to the Appeals Council, Mr. Williams conceded that the medical evidence did not support disability with respect to musculoskeletal pain conditions. Tr. 197. Mr. Williams asserted, however, that new and material evidence—a corrected typo in Dr. Zhu's February 2016 statement and Dr. Zhu's consistent April 2016 statement—supported (a) his testimony regarding migraine symptoms, (b) the objective medical evidence of the migraine condition demonstrated in the 2012 brain MRI, and (c) the medical statement of treating physician Roxanne Ho, M.D. Tr. 197–98 (citing Tr. 419, 474, 653–54). Mr. Williams noted that the ALJ had disbelieved both the subjective and objective evidence of migraine frequency and severity by relying on treating neurologist Dr. Zhu's February 16, 2016, statement that Mr. Williams's migraines occurred "every other year." Tr. 197–98 (citing Tr. 666). The Appeals Council denied Mr. Williams's

REPORT AND RECOMMENDATION - 2

1  request for review. Tr. 1–3. In doing so, the Appeals Council acknowledged that it had received

2  and examined Dr. Zhu's corrected February 16, 2016 statement and April 22, 2016 statement:

> You submitted treatment notes from Yu Zhu, M.D., Ph.D., dated February 16, 2016 through April 22, 2016 (6 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.

6  Tr. 2. Because the Appeals Council denied the request for review, the ALJ's decision became

7  the Commissioner's final decision.

8  In federal court, Mr. Williams attached: (1) Dr. Zhu's corrected February 16, 2016

9  medical statement that referred to Mr. Williams's migraines occurring "every other day"; and

10 (2) Dr. Zhu's April 22, 2016, medical statement that notes "patient currently states that he has a

11 headache for 3 days maybe 1-2 days a week" and "patient is advised to restart zonisamide 50 mg

12 at bedtime for headache prophylaxis." Dkt. 10-1, at 1–2. There is no dispute about the accuracy

13 or authenticity of these documents. Moreover, the parties acknowledge that although Mr.

14 Williams submitted this new evidence to the Appeals Council and the evidence pertains to a

15 salient issue and to the period before the hearing decision, the Appeals Council examined and

16 then omitted Dr. Zhu's February and April 2016 medical notes from the administrative record.

17 Because the Appeals Council omitted these materials from the administrative record, the Court

18 must determine whether it may consider the evidence in conjunction with Mr. Williams's request

19 for review. The Court is *not* reviewing whether the Appeals Council improperly denied Mr.

20 Williams's request for review. Rather, the Court reviews the opinions and corrections contained

21 in the new evidence that was presented to the Appeals Council in its overall review of the ALJ's

22 final decision. *See Taylor v. Commissioner of SSA*, 659 F.3d 3d 1228, 1232 (9th Cir. 2011).

23

REPORT AND RECOMMENDATION - 3

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the district court reviews the Commissioner's decision to determine if (1) the Commissioner's findings are supported by substantial evidence; and (2) the agency used proper legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

Where the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purpose of the Court's analysis. *See Brewes v. Commissioner*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision." *Brewes v. Commissioner of SSA*, 682 F.3d 1157, 1163 (9th Cir. 2012) (expressly adopting *Ramirez v. Shalala*, 8 F.3d 144, 1452 (9th Cir. 1993)); *Taylor* 659 F.3d at 1231 (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error").

## DISCUSSION

This case presents interrelated questions: (**1**) whether in an overall review of the ALJ's decision, the Court may consider the new evidence presented to the Appeals Council that the Appeals Council omitted from the administrative record; (**2**) whether a remand for further administrative proceedings should be made via sentence four or sentence six of 42 U.S.C. § 405(g); and (**3**) whether the new evidence undermines the ALJ's decision. The Court finds it

REPORT AND RECOMMENDATION - 4

may consider the new evidence presented to the Appeals Council; that the new evidence―Dr. Zhu's medical notes―directly contradict their use by the ALJ; and that as such, the ALJ's decision is not supported by substantial evidence and this case should be remanded under sentence four of 42 U.S.C. § 405(g).

### 1. The New Evidence May Properly Be Considered by the Court

The Commissioner argues because the Appeals Council did not "consider" the evidence of Dr. Zhu's corrected February 2016 notes and April 2016 notes, and omitted the evidence from the administrative record, any remand must be made under sentence six of 42 U.S.C. § 405(g). As discussed below, the notion the Appeals Council did not consider the new evidence or that the new evidence is not part of the record for review is meritless. The Commissioner's argument is unpersuasive because the evidence was properly presented during agency proceedings; the evidence is undisputed and is referenced in the administrative record; and although the Appeals Council stated "[w]e did not consider and exhibit this evidence," this statement is contradicted by the Appeals Councils claim "[w]e find this evidence does not show a reasonable probability that it would change the outcome of the decision." Tr. 2. The new evidence presented to the Appeals Council is thus reviewable by the Court in determining whether the ALJ's decision remains supported by substantial evidence. As the new evidence undermines the ALJ's decision, remand is proper under sentence four of 42 U.S.C. § 405(g) based on *Brewes*, *Ramirez*, and *Taylor*.

### 2. Remand Under Sentence Four is Appropriate

A sentence six remand does not apply where, as here, the claimant properly presented to the Appeals Council new, material evidence involving the relevant time period but had it improperly rejected. There are two kinds of remand under 42 U.S.C. § 405(g): (1) remands

REPORT AND RECOMMENDATION - 5

1   pursuant to the fourth sentence; and (2) remands pursuant to the sixth sentence. The **fourth**

2   **sentence** of § 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing

3   the decision of the Commissioner of Social Security, with or without remanding the cause for a

4   rehearing." The **sixth sentence** of § 405(g) describes an entirely different kind of remand:

> The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because *new evidence has come to light that was not available to the claimant at the time of the administrative proceeding* and that might have changed the outcome of the prior proceeding.

*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (emphasis added); *see* 42 U.S.C. § 405(g). Here the evidence at issue *was* available to Mr. Williams "at the time of the administrative proceeding" and he timely submitted that evidence to the Appeals Council. The evidence therefore is not "new" within the meaning of this kind of sentence six remand.[1] *See, e.g.*, *Goodwin v. Astrue*, 549 F. Supp. 2d 1125, 1130 (D. Neb. 2008) ("The Commissioner has admitted that the evidence to be considered upon remand was timely submitted to the Appeals Council by Plaintiff. Since this evidence existed at the time of the Appeals Council decision, it is not "new" within the meaning of the second type of sentence six remand."). "Under sentence six, a district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the [Commissioner's] decision, but only if the claimant shows good cause for failing to present the evidence earlier." *Melkonyan*, 501 U.S. at 100. Sentence six does *not* require Mr. Williams to show good cause here because he did not fail to present the evidence earlier. Mr. Williams properly presented the evidence to the Appeals Council and the Appeals

---

[1] Sentence six also authorizes the district court to remand on motion by the Commissioner made before the Commissioner has filed a response in the action. 42 U.S.C. § 405(g). That subcategory of sentence six remands is not implicated here.

REPORT AND RECOMMENDATION - 6

1   Council erroneously rejected it. *See, e.g.*, *Congreve v. Colvin*, 2014 WL 1155560, at *3 n. 2

2   (E.D. Wash. Mar. 21, 2014) ("Where, as here, the Appeals Council refuses to consider new

3   evidence that it was required to consider under 20 C.F.R. § 404.970(b), a so-called "sentence

4   four" remand is appropriate); *see also Staley v. Massanari*, 17.F. App'x 609, 610 (9th Cir. 2001).

5   Additionally, there is no dispute the evidence presented to the Appeals Council corrects

6   the ALJ's incorrect presumption about what Dr. Zhu's February 16, 2016, medical notes said

7   about Mr. Williams's migraine symptoms and that Mr. Williams's brief to the Appeals Council

8   accurately states that the ALJ relied upon a typo in denying benefits. The parties acknowledge

9   that although the ALJ cited Dr. Zhu's February 2016 notes for the proposition that Mr. Williams

10  referred to having migraine headaches "every other year," Dr. Zhu actually meant to write "every

11  other day." There is no medical evidence that contradicts Dr. Zhu's corrected statement as a

12  neurologist treating Mr. Williams for migraines. Thus, whether or not Dr. Zhu's February and

13  April 2016 notes are considered part of the administrative record, the parties' own

14  acknowledgements demonstrate the ALJ's reliance on Dr. Zhu's typo rendered the ALJ's

15  decision unsupported by substantial evidence. On remand, the ALJ can remedy any deficiencies

16  based on the Commissioner's mishandling of the acknowledged evidence by opening the record

17  for supplementation.

18  Third, *Brewes*, *Ramirez*, and *Taylor* apply because, despite its protestations to the

19  contrary, the Appeals Council *actually* "considered" the properly presented evidence but

20  erroneously declined to include it in the administrative record. This is beyond dispute as the

21  Appeals Council made a finding as to the relevance of the new evidence. Tr. 2. The Appeals

22  Council was presented with new, material evidence that related to the period before the ALJ's

23

REPORT AND RECOMMENDATION - 7

April 28, 2016 decision.[2] *See* 20 C.F.R. § 404.970(a)(5). The Commissioner suggests that because the Appeals Council stated that it did not "consider" the evidence—even though it clearly reviewed the evidence and made an erroneous materiality determination—and omitted it from the administrative record, the evidence cannot be reviewed except via a sentence-six remand. That is, the Commissioner argues that the Appeals Council can make material evidence disappear by magical incantation: so long as the Appeals Council *says* it did not "consider" the evidence, claimants must demonstrate good cause for a sentence-six remand to the district court even though the remand is predicated entirely on the Commissioner's error of law.[3] This stretches the definition of "considers" far beyond what is demanded by *Brewes* and the *Ramirez*

---

[2] "Claimants need not show 'good cause' before submitting new evidence to the Appeals Council." *Brewes*, 682 F.3d at 1162. That holding from *Brewes* remains valid and is relevant here even though the regulations have since been revised because at issue is whether the district court may consider properly submitted evidence—*not* whether the Appeals Council should have or should not have granted review. *Compare* 20 C.F.R. § 968(a) ("You should *submit* any evidence you wish to have considered by the Appeals Council with your request for review . . . .") (emphasis added), *with* 20 C.F.R. § 404.970(a)(5) ("The Appeals Council *will review* a case if . . . ."). Nonetheless, to the extent the Commissioner suggests that the revised regulations effective in 2017, applicable only to the question of when the Appeals Council "will review" a case, impose a good cause requirement on Mr. Williams's submission, Mr. Williams has demonstrated good cause. *See* 20 C.F.R. § 404.970(b). Mr. Williams actively and diligently sought Dr. Zhu's notes once he discovered that the ALJ had relied on Dr. Zhu's typo as the sole, affirmative medical source to contradict his stated symptoms of migraine headaches. 20 C.F.R. § 404.970(b)(3)(iv). Furthermore, the corrected typo on the February 16, 2016, notes constitutes "evidence that was considered in making the determination [that] clearly shows on its face that an error was made." 20 C.F.R. § 404.989 ("Good cause for reopening").

[3] The regulations inform claimants: "You should submit any evidence you wish to have considered by the Appeals Council with your request for review." 20 C.F.R. § 404.968(a). According to the Commissioner's approach, the Appeals Council may receive such submissions but, regardless of their relevance, make them disappear from the record by stating that they were not actually "considered." Thus, for example, the Appeals Council could dispose of evidence of a claimant's blindness and force the claimant to demonstrate good cause in federal court for a sentence-six remand that is, in fact, premised entirely on the Appeals Council's mishandling of the evidence.

REPORT AND RECOMMENDATION - 8

line of cases, and violates both *Taylor* and common sense. *Brewes* "expressly adopt[ed] the approach set forth in *Ramirez*." *Brewes*, 682 F.3d at 1163. Accordingly, the Ninth Circuit noted:

> Following *Ramirez*, we have routinely considered evidence *submitted for the first time to the Appeals Council* to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence. *See, e.g.*, *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n. 2 (9th Cir. 2007) (noting that when the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("We properly may consider the additional materials because the Appeals Council *addressed* them in the context of denying Appellant's request for review.").

*Brewes*, 682 F.3d at 1163 (emphases added). Under the *Brewes* and the *Ramirez* line of cases, the Appeals Council actually "considered" Mr. Williams's evidence because it addressed, albeit erroneously, the question of materiality. It therefore was required, but erroneously declined, to include the material evidence in the administrative record. Moreover, a sentence four remand applies where the Appeals Council has erroneously *failed* to "consider" new, material evidence. In *Taylor*, the Ninth Circuit held that "[w]here the Appeals Council *was required to consider additional evidence, but failed to do so*, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor*, 659 F.3d at 1233 (emphasis added). According to *Taylor*, a reviewing court considers a post-hearing treating physician opinion as part of the court's "overall review of the ALJ's decision," whether or not the Appeals Council itself considered the opinion. *Id.* at 1232. This "overall review" properly examines whether the ALJ's decision is "supported by substantial evidence" and is "free of legal error." *Id.* (citing *Ramirez*, 8 F.3d at 1451–52).[4] This results in a sentence-four, not a sentence-six, remand

---

[4] An accurate reconciliation of *Brewes*, *Ramirez*, and *Taylor* is that where the Appeals Council considered or should have considered additional evidence but denied review, the additional

REPORT AND RECOMMENDATION - 9

under 42 U.S.C. section 405(g) so the ALJ may reconsider the final decision in light of the additional evidence. *See Taylor*, 659 F.3d at 1233; s*ee, e.g.*, *Congreve*, 2014 WL 1155560; *Boucher v. Astrue*, 2010 WL 2635078 (W.D. Wash. June 25, 2010); *Rodriguez v. Astrue*, 2010 WL 933947 (E.D. Wash. Mar. 9, 2010); *Goodwin*, 549 F. Supp. 2d 1125.

### 3. The New Evidence Presented to the Appeals Council Undermines the ALJ's Decision

The Appeals Council found treating neurologist Dr. Zhu's notes—which (a) correct a typo (the February 2016 notes) and (b) confirm that Dr. Zhu prescribed medicine for migraine headaches (the June 2016 notes)—did not show a reasonable probability of changing the outcome of the ALJ's decision even though the ALJ explicitly relied upon Dr. Zhu's February 2016 medical opinion to reject the severity and frequency of Mr. Williams's migraine headaches. As discussed above, the Court focuses on whether the new evidence presented to the Appeals Council undermines the validity of the ALJ's final decision. *See e.g. Brewes*, 682 F.3d at 1163.

"If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (internal quotations omitted) (alterations in the original); *see* 20 C.F.R. § 404.1527(c)(2). Similarly, the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a non-specialist. *See* 20 C.F.R. § 404.1527(c)(5); *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The uncontradicted

---

evidence becomes part of the record for purpose of the Court's analysis. *See Brewes*, 682 F.3d at 1163; *Ramirez*, 8 F.3d at 1451–52; *Taylor*, 659 F.3d at 1231.

REPORT AND RECOMMENDATION - 10

1  opinions of a treating doctor may not be rejected without clear and convincing evidence. *Lester*
2  *v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *see* 20 C.F.R. § 404.1527(c)(2); SSR 96-2p.[5]
3       The ALJ rejected the severity and frequency of Mr. Williams's migraine headaches
4  because on February 16, 2016, neurologist Dr. Zhu noted that Mr. Williams had reported
5  suffering headaches "every other year," but Mr. Williams had testified to suffering from
6  migraine headaches three times per week. Tr. 20–21, 27; *see* Tr. 666. The parties acknowledge
7  that this was a typo and Dr. Zhu's February 2016 note should have read that Mr. Williams told
8  Dr. Zhu that he suffered from migraine headaches "every other day." Dkt. 10; Dkt. 11; Dkt. 10-1,
9  at 2. Dr. Zhu's February 2016 uncontradicted notes are therefore *consistent* with a 2012 MRI of
10 Mr. Williams's brain showing residue from migraine headaches, Tr. 474; his hearing testimony,
11 Tr. 48; and the medical statement of treating physician Dr. Ho, Tr. 417–19. The ALJ cited no
12 doctor who questioned or doubted Dr. Zhu's corrected statement, the corroborating objective
13 medical evidence, and Mr. Williams's consistent testimony and medical records. Moreover, the
14 April 2016 notes demonstrate that Dr. Zhu not only accepted Mr. Williams's account of his
15 migraine symptoms, but also prescribed migraine medication to combat them. Dkt. 10-1, at 5–6.
16 The ALJ clearly relied upon Dr. Zhu's opinion to reject the severity and frequency of Mr.
17 Williams's migraine headaches. Because it is undisputed that Dr. Zhu's medical opinions both in
18 February and April 2016 support rather than contradict Mr. Williams's symptom testimony, the
19 ALJ's decision is not supported by substantial evidence. The Appeals Council erroneously
20 concluded that Dr. Zhu's corrected February 2016 statement and April 2016 medical notes did
21 not show a reasonable probability of changing the outcome of the ALJ's decision. The error was

---

[5] Because Mr. Williams's claims were filed before March 27, 2017, the Court's discussion of the weight to be given to treating medical sources is governed by 20 C.F.R. § 1527 rather than by 20 C.F.R. § 404.1520c.

REPORT AND RECOMMENDATION - 11

1 harmful because the ALJ based his RFC assessment on inaccurate medical evidence that failed to

2 account for migraine symptoms and the vocational expert testified that Mr. Williams's

3 employability would be precluded by being absent two or more days per month or by the need

4 for unscheduled breaks lasting 30 minutes or more. Tr. 60.

5 The Commissioner argues unpersuasively that Dr. Zhu's February and April 2016 notes

6 were not material to the outcome of this case. As example, the ALJ and the Commissioner refer

7 to isolated instances in which Mr. Williams did not complain of migraine headaches during

8 medical examinations. Tr. 27; Dkt. 11, at 4 (citing Tr. 314–15, 338, 390–391, 402–02). First, it is

9 unsurprising that Mr. Williams would not refer to migraine headaches when visiting the

10 emergency room for joint pain, body fungus, and radiculopathy, Tr. 314; visiting the emergency

11 room after a car crash, Tr. 338 (noting that Mr. Williams was not actively suffering from head

12 pain but reported a history of migraines); and seeking a referral to podiatry for plantar fasciitis,

13 Tr. 390–91. Second, an ALJ may not "cherry-pick" from mixed results to support a denial of

14 benefits. *Garrison v. Colvin*, 759 F.3d 995, 1018 n. 23 (9th Cir. 2014) (quoting *Scott v. Astrue*,

15 647 F.3d 734, 739-40 (7th Cir. 2011)). No reasonable person would accept that the limited

16 instances in which Mr. Williams did not report headaches counterbalance the overwhelming

17 record evidence of reported or diagnosed migraine headaches. *See, e.g.*, Tr. 378, 380, 417, 419,

18 446, 470, 558, 563, 606, 628, 654, 655, 656, 667, 673, 680, 681, 700, 705.

19 In short, it is undisputed the new evidence submitted to the Appeals Council would have

20 corrected the ALJ's mistaken reliance on treating neurologist Dr. Zhu's February 2016 statement

21 to reject the severity and frequency of Mr. Williams's migraine headaches. Dr. Zhu's February

22 2016 typo is the only affirmative medical evidence to contradict Mr. Williams's account of his

23 migraine symptoms and the vocational expert suggested that a person with such symptoms was

REPORT AND RECOMMENDATION - 12

not employable. The ALJ's decision is therefore unsupported by substantial evidence and this case should be remanded for further proceedings on an open record under sentence four of 42 U.S.C. § 405(g).

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should supplement the administrative record with additional, relevant materials, including the evidence already properly presented to the Appeals Council, hold a new hearing, and issue a new decision that reviews the medical record anew, Mr. Williams's testimony, and the sequential analysis from the RFC assessment forward.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **May 3, 2018.** If no objections are filed, the Clerk shall note the matter for May 4, 2018, as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed ten pages. The failure to timely object may affect the right to appeal.

DATED this 19th day of April, 2018.

BRIAN A. TSUCHIDA
United States Magistrate Judge